KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alena Churina, | No. CV-26-00984-PHX-DJH (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Warden of Eloy Detention Center, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), a Motion for Temporary Restraining Order (Doc. 2), and a Motion for Courtesy Copies (Doc. 3). Petitioner seeks to enjoin her removal to Russia on the basis that her husband was granted asylum, and she will become eligible for derivative asylee status following the conclusion of the Department of Homeland Security's appeal of her husband's asylum grant. The Court will deny the Motion and dismiss the Petition.

**I.  Background**

Petitioner is a citizen of Russia and is presently detained by Immigrations and Customs Enforcement (ICE) pending removal. (Doc. 1.) Petitioner's husband is also a Russian citizen and was granted asylum on December 10, 2025. (Doc. 2 at 2.) Petitioner and her husband have been married since November 15, 2021, and Petitioner has been included in her spouse's asylum filings since March 2023. (*Id*.) On January 19, 2026, Petitioner's spouse "finalized and mailed Form I-730 (Refugee/Asylee Relative Petition)

to [the] USCIS as the principal asylee to include Petitioner as his spouse/derivative beneficiary." (*Id*.)

On February 15, 2024, Petitioner was ordered removed in an in absentia order of removal. (Doc. at 3.) Petitioner alleges she does not speak English; never "knowingly received notice of any immigration court hearing date or location"; was unable to find her case on the Executive Office for Immigration Review (EOIR) automated case status website; and has never lived in the state where the removal hearing was held. (*Id*. at 2-3.) In 2025, Petitioner was arrested by ICE officers. (*Id*. at 2.) On January 12, 2026, Petitioner filed an appeal of the order of removal with the Board of Immigration Appeals (BIA). (*Id*. at 3.) The appeal remains pending. (*Id*.)

Petitioner contends (1) the in absentia order violates her due process rights because she did not receive meaningful notice of the hearing; (2) she has been detained in the Eloy Detention Center since August 18, 2025, and "ICE has pressured removal notwithstanding pending proceedings and lack of complete documents"; and (3) ICE has wrongfully "treated her as removable and separated her from the principal case history" even though her spouse was granted asylum on December 10, 2025, and filed an expedited Form I-730. (*Id*. at 4-5.) Petitioner seeks a stay of removal, release from custody, or, alternatively, an individualized bond hearing.

## II.   Summary Dismissal

Review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[1] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other

---

[1] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

discretionary decisions and actions specified by statute).

Petitioner fails to state a claim for relief. Petitioner is squarely attacking her removal proceedings. Under the REAL ID Act, the Court lacks jurisdiction over such challenges because her request to halt execution of final orders of removal "arise[s] from" (1) an "action" or a "proceeding" brought in connection with Petitioner's removal, 8 U.S.C. § 1252(b)(9), or (2) from "the decision or action" to "execute removal orders against" her, 8 U.S.C. § 1252(g). *See, e.g.*, *Rauda v. Jennings*, 55 F. 4th 773, 776-78 (9th Cir. 2022) (holding that § 1252(g) divested the district court of jurisdiction over a "habeas petition . . . asking the court to enjoin the government from removing [the petitioner] until the BIA ruled on his motion to reopen and the court ruled on his habeas petition"); *Ramirez Ayala v. Santacruz*, 2025 WL 3485738, *2-3 (C.D. Cal. 2025) ("[Section] 1252(g) applies to Petitioner's request to enjoin the execution of his final removal order pending adjudication of the merits of his case. Regardless of how Petitioner frames his challenge, he is ultimately contesting an unreviewable discretionary decision that has no temporal restrictions.") (citations omitted); *Nken v. Chertoff*, 559 F. Supp. 2d 32, 36 (D.D.C. 2008) (REAL ID Act strips court of jurisdiction to consider request for stay of BIA's final order of removal); *see also Flores v. Johnson*, 2015 WL 12656240 (C.D. Cal. Sept. 30, 2015) (finding district court lacked jurisdiction to stay petitioner's removal pending the decision of the BIA's decision on his motion to reopen). While Petitioner may have a future claim for derivative asylee status, that claim is not ripe at this juncture. Accordingly, Petitioner fails to state a cognizable claim for relief. The Court will dismiss the Petition and deny the Motion for Temporary Restraining Order.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**.

(2) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3) Petitioner's Motion for Courtesy Copies (Doc. 3) is **granted** with respect to this Order. The Clerk of Court must send a copy of this Order to:

        Nikita Osolodkin
        6500 E. Russell Rd. Apt. 201
        Las Vegas, NV 89122

(4)    The Clerk of Court shall enter judgement and close this case.

Dated this 18th day of February, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge